BREWER (CLUM v.). See Cases Nos. 2,909 and 2,910.

BREWER (FRENCH v.). See Case No. 5,096.

BREWER (MERRITT v.). See Case No. 9,483.

BREWER, The (ERLEN v.). See Case No. 4,519.

## Case No. 1,850.
In re BREWER & BEMIS BREWING CO.
[4 Dill. 345.] [1]
Circuit Court, D. Nebraska. 1878.

BANKRUPT ACT—ACT OF BANKRUPTCY — SUSPENSION OF PAYMENT OF COMMERCIAL PAPER — SIX MONTHS' LIMITATION CONSTRUED.

A petition for adjudication in bankruptcy cannot be sustained in which the only act of bankruptcy alleged is the failure to pay a specified piece of commercial paper, where the original default in payment occurred and had continued more than six months and forty days before the proceedings in bankruptcy were commenced.

[Petition for review of the decision of the district court of the United States for the district of Nebraska.]

In bankruptcy. On the 8th day of March, 1876, the petition in bankruptcy, on which the adjudication is sought, was filed by the Omaha National Bank against the Brewer & Bemis Brewing Company. It alleged as an act of bankruptcy the stoppage, or suspension, and non-resumption of payment, for a

[1] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]

period of forty days, of a note for $10,000 given to the Omaha National Bank, dated October 7th, 1873, at ninety days, interest at twelve per cent. per annum after maturity, signed "Brewer & Bemis Brewing Company," and by others. The amended petition was dismissed by the district court, on the ground that the alleged act of bankruptcy was barred by the six months' limitation in the bankrupt act [of March 2, 1867; 14 Stat. 536], § 39.

The following facts appear in the record: The $10,000 note was for ninety days and dated October 7th, 1873. It matured January 8th, 1874. Forty days after maturity would be February 17th, 1874. Six months after the forty days would be August 17th, 1874. The petition in bankruptcy was filed on March 8th, 1876, that date being two years and two months after the maturity of the paper, two years and twenty days after the period of forty days of non-resumption of payment, and over one year and six months after the expiration of the six months' limitation. It is also shown by the record that all other commercial paper of the Brewer & Bemis Brewing Company is paid. The $10,000 note, now nearly four years overdue, is the only one outstanding.

The provision of the bankrupt act, as amended, section 39, is that "a bank, banker, broker, merchant, trader, manufacturer, or miner who has stopped or suspended and not resumed payment, within a period of forty [fourteen] days, of his commercial paper (made or passed in the course of his business as such), * * * shall be deemed to have committed an act of bankruptcy, and, subject to the conditions hereinafter prescribed, shall be adjudged a bankrupt upon a petition of one or more of his creditors," etc.; "provided that such petition is brought within six months after such act of bankruptcy shall have been committed."

The petitioning creditors seek in this proceeding in the circuit court to reverse the order of the district court dismissing their amended petition. [Affirmed.]

E. Wakeley and W. O. Bartholomew, for petitioning creditors.

George W. Doane and Charles F. Manderson, for Brewer & Bemis Brewing Company.

DILLON, Circuit Judge. The only question that need be considered is whether a petition for adjudication in bankruptcy can be sustained, in which the only act of bankruptcy alleged is the failure to pay a specified piece of commercial paper, where the original default in payment occurred and had continued more than six months and forty days before the proceedings in bankruptcy were commenced. The decisions on this point are conflicting. The ruling of the district court in this case is in conflict with the opinion of two very able and learned circuit judges. Baldwin v. Wilder [Case

No. 806], Emmons, J.; In re Raynor [Id. 11,597], Woodruff, J. It is sustained by the decision in Mendenhall v. Carter [Id. 9,426]. I have considered the reasoning of the judges in these cases, and the arguments of the counsel in the present case, and am of opinion that the judgment of the district court, on the point here involved, is correct.

Assuming that an act of bankruptcy can be predicated of the failure to pay one piece of commercial paper, without valid and sufficient reasons for such failure, I think the "stopping," under the facts of this case, was an act which ripened into a definite and complete act of bankruptcy after the lapse of forty days from the day of the original default, and that creditors are barred from making that act the sole basis of an adjudication in bankruptcy unless the petition therefor "is brought within six months after such act of bankruptcy shall have been committed," that is, within six months after the act of bankruptcy became consummate, which was at the end of six months and forty days from the day of the original default. I concur in the main with the reasoning of Dick, J., in the case last cited, and refer to his opinion as a clear, and, to my mind, very satisfactory exposition of the subject. After the lapse of the period above named, it accords with the obvious purpose of the short six months' limitation in section 39, and with the analogies furnished by the other specified acts of bankruptcy, to hold that the petitioning creditors, under the facts appearing in the record, are precluded from making this default the ground of an adjudication, and are confined to their ordinary remedies. The order of the district court is affirmed.